PER CURIAM.
The Justice Administrative Commission (JAC) seeks certiorari review of an order requiring it to pay the attorney’s fees of a father’s court-appointed private counsel in a termination of parental rights proceeding. Because the father failed to attend any stage of the TPR proceeding and, thus, had no statutory right to publicly funded counsel, the JAC’s petition is granted and the order requiring it to pay attorney’s fees to Respondent is quashed. See § 39.801(3)(d), Fla. Stat. (2009) (providing that a parent’s failure to personally appear at an advisory hearing constitutes consent to TPR by the person given notice); see also Justice Admin. Comm’n v. Biecker, 33 So.3d 827 (Fla. 5th DCA 2010) (reversing order requiring JAC to pay attorneys fees to court appointed counsel where the mother failed to appear at the advisory hearing following proper notice); Justice Admin. Comm’n v. Berry, 5 So.3d 696, 698 (Fla. 3d DCA 2009) (holding court had no statutory authority to appoint counsel or require JAC to pay fees to counsel where fathers did not appear at any proceedings, thereby consenting to TPR, and indigency could not be determined).
CERTIORARI GRANTED; ORDER QUASHED.
HAWKES, C.J., PADOVANO and MARSTILLER, JJ., concur.